**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V. <br><br>                             Plaintiffs, <br><br> v. <br><br> SHENZHEN INTELLIROCKS TECH CO., LTD. <br><br>                            Defendant. | Civil Action No. _____22-760_____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") for their Complaint against Defendant Shenzhen Intellirocks Tech Co., LTD. ("Intellirocks" or "Defendant") allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281 and 283-285.

**THE PARTIES**

2.      Plaintiff Signify North America Corporation (formerly known as Philips Lighting North America Corporation) is a corporation organized and existing under the laws of Delaware with its principal place of business at 200 Franklin Square Drive, Somerset, New Jersey 08873.

3.      Plaintiff Signify Holding B.V. (formerly known as Philips Lighting Holding B.V.) is a corporation organized and existing under the laws of the Netherlands with its registered office at High Tech Campus 48, 5656 AE Eindhoven, The Netherlands.

4.      Upon information and belief, Intellirocks is a Chinese corporation with its principal place of business at No. 2901-2904, 3002, Block C, Section 1, Chuangzhi Yuncheng Building, Liuxian Avenue, Xili Community, Xili Street, Nanshan District, Shenzhen, Guangdong Province, China, doing business in the United States and in the state of Texas under the names GOVEE and MINGER.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338 and because this action arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, Intellirocks is not a resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3).

7.      Upon information and belief, Intellirocks is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein or those committed vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers alleged herein which purposefully avail the Defendant of the privilege of conducting those activities in his state and this judicial district and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct,

and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to Texas residents vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.  For example, Intellirocks is related to, owns, and/or controls the brands Govee and Minger which sell and ship infringing products to Texas residents through at least their own online stores (us.govee.com) and Amazon.com, and distribute their products to Texas residents through national retailers Best Buy Co. Inc, and Walmart, Inc.  The company Govee Moments (US) Trading Ltd. is also registered to do business and pay taxes in the state of Texas. Govee employees also act as agents for Defendant when doing business in the United States and have signed contractual agreements with companies in the United States on behalf of Intellirocks.

8.      Intellirocks has submitted documents, including user manuals, to the Federal Communications Commission requesting FCC authorization of Govee-branded products, including many Accused Products.  See, e.g., https://fccid.io/2AQA6 (listing FCC ID applications submitted by Intellirocks for Govee-branded products).

9.      Documents submitted by Intellirocks to the FCC applying for FCC authorization state that the responsible party for its products is Govee Moments (US) Trading Limited and further state that Govee is a registered trademark of Intellirocks.  *See, e.g.*, FCC ID Application File No. 2AQA6-H613E (Model H613E, RBG LED Strip Lights), available at https://fccid.io/2AQA6-H613E/User-Manual/15-H613E-UserMan-US-5268010.pdf.

10.     Accordingly, Intellirocks uses subsidiaries such as Govee Moments (US) Limited as its agent and/or alter ego for conducting business and sales in the United States.

11.     Such a presence and activities further the development, design, manufacture, importation, distribution, sale, and use of Intellirocks' infringing products in Texas.  Through

direction and control of at least the Govee and Minger brands of products, Intellirocks has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Intellirocks would not offend traditional notions of fair play and substantial justice.

12.    Upon information and belief, Defendant Intellirocks, directly and via at least the Govee and Minger brands, and via intermediaries, such as affiliates, distributors, and customers, has placed and continues to place infringing Intellirocks' products into the U.S. stream of commerce. Intellirocks has placed such products into the stream of commerce with the knowledge and understanding that such products are, will be, and continue to be sold, offered for sale, and/or imported into this judicial district and the State of Texas.

13.    On information and belief, Intellirocks utilizes established distribution channels to distribute, market, offer for sale, sell, service, and warrant infringing products directly to consumers, including offering such products for sale via its brand website—https://us.govee.com/collections/all-products. Intellirocks utilizes the Govee and Minger brands to design, develop, import, distribute, and service infringing products, such as the products identified in the table below, (collectively the "accused products").

| Accused Products (by Model Number) |
|---|
| H6001, H6002, H6054, H6055, H6072, H6110, H6118, H7050, H605B, H6061, H6062 H6199,  H6052, H6003, H6005, H6008, H6050, H6051, H6055, H6058, H6056, H6059, H6076, H6087, H610A, H6138, H6139, H6196, H6146, H6154, H6170, H6172, H6179, H617C,  H6183,  H6184,  H6189,  H618A,  H618B,  H618C,  H619A,  H619B,  H619C, H61A0, H61A2, H7002, H7020, H7021, H7060, H7061, H7090, H6173, H6159, H6171, H6125, H6102, H617A, H6163, H6127 |

Such Intellirocks' products have been sold in retail stores, both brick and mortar and online, within this judicial district and in Texas. *See.*, *e.g.,* Govee Arrives to Best Buy June 1st, https://www.govee.com/posts/95550 (explaining that Govee products can be bought online or in person at Best Buy stores, including in this judicial district and elsewhere in Texas).

14.     On information and belief, Intellirocks purposefully places infringing Intellirocks' products in established distribution channels in the stream of commerce by contracting with national retailers who sell Intellirocks' products in the U.S., including in Texas and this judicial district. Intellirocks, directly or through its subsidiaries and affiliates, contracts with these companies with the knowledge and expectation that Intellirocks' products will be imported, distributed, advertised, offered for sale, and sold in the U.S. market.

15.     For example, at least Best Buy, Walmart, and Amazon.com offer for sale and sell Intellirocks products, in and specifically for the U.S. market, via their own websites or retail stores located in and selling their products to consumers in Texas and this judicial district. *See, e.g.*, https://us.govee.com/collections/all-products;   https://www.walmart.com/ip/Govee-Smart-LED-Strip-Lights-32-8ft-WiFi-Lights-Work-Alexa-Google-Assistant-RGB-Color-Changing-16-

Million-Colors-App-Control-Music-Sync-Home-Kitchen-/886502413;

https://www.amazon.com/stores/Govee/page/955085B3-85CC-417B-AD85-

4028F36EFEAB?ref_=ast_bln;        https://www.amazon.com/stores/MINGER/page/155F55CB-

21DC-4014-8D07-22F928E1049C.    Intellirocks, directly and through its subsidiaries and

affiliates, also provides application software for download and use in the United States and in this

District in conjunction with and as part of its wireless lighting devices: the "Govee Home App" is

used in conjunction with Govee smart products, such as Govee lights, and allows the user to control

Govee products. Govee Home is available via digital distribution platforms by Apple Inc. and

Google. *See, e.g., Govee Home,* App Store Preview, https://apps.apple.com/us/app/govee-

home/id1395696823 (last visited June 1, 2022) (offering the application for download, and

indicating Shenzhen Intellirocks Tech Co. Ltd. as the provider).  Furthermore, the privacy policy

for Govee Home available on the govee.com website indicates that "Govee Home is a product (or

service) operated by Shenzhen Intellirocks Co., Ltd., (hereinafter referred to as 'Govee', 'we', 'us',

or 'our') that allows you to control and manage smart home devices using your mobile device."

https://webview.govee.com/privacyClause.html.

16.    Based on Intellirocks' connections, relationships, supply contracts, other

agreements, U.S.-based national retailers, distributors, and digital distribution platforms,

Intellirocks knows that Texas, including this District, is a termination point of the established

distribution channel, namely online and brick and mortar stores offering Intellirocks' products,

including under the Govee brand, and software to consumers in Texas and this district.  Intellirocks

also sells and ships products directly to consumers in this District via the website

https://us.govee.com/. Intellirocks, therefore, has purposefully directed its activities at Texas and

this District, and should reasonably anticipate being brought in this Court, at least on this basis.

17.     This Court has personal jurisdiction over Intellirocks, directly or through intermediaries, distributors, importers, customers, subsidiaries, and/or consumers, because Intellirocks has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Intellirocks would not offend traditional notions of fair play and substantial justice.

18.     In the alternative, if Intellirocks maintains that it is not subject to personal jurisdiction of the courts of general jurisdiction of any state, the Court has personal jurisdiction over Intellirocks under Federal Rule of Civil Procedure 4(k)(2), because the claims for patent infringement in this action arise under federal law and exercising jurisdiction over Intellirocks is consistent with the U.S. Constitution.

## THE PATENTS-IN-SUIT

19.     Signify is a global market leader with recognized expertise in the development, manufacturing, and application of innovative LED lighting solutions.

20.     To protect its intellectual property resulting from its significant investments, Signify has obtained numerous patents directed to various LED inventions and technologies. For example, Signify's LED-related patents include U.S. Patent Nos. 7,646,029, 7,358,961, 8,378,591, 7,764,026, and 8,207,541 (collectively, the "Patents-in-Suit").

21.     U.S. Patent No. 7,646,029 (the "'029 Patent"), titled "LED PACKAGE METHODS AND SYSTEMS" was duly and legally issued by the United States Patent and Trademark Office on January, 12, 2010.  The '029 Patent relates to LED light sources, including an LED die, a package for the LED die including a submount and an electronic component that facilitates control of the LED die.  The '029 Patent is directed to new and improved methods and systems for LED

light sources designed to simplify and improve the powering and controlling of LEDs in a manner that is not previously known in the art.  Plaintiff Signify North America Corporation (formerly known as Philips Lighting North America Corporation) is the assignee and owner of all right, title, and interest in the '029 Patent, a copy of which is attached as Exhibit 1.

22.     U.S. Patent No. 7,358,961 (the "'961 Patent"), titled "User Interface for Controlling Light Emitting Diodes," was duly and legally issued by the United States Patent and Trademark Office on April 15, 2008.  The '961 Patent improves upon existing LED light sources, including the control of spectral output.  At the time of the '961 Patent's invention, conventional LED light sources adjusted intensity levels of spectral output by increasing or decreasing the number of LED's receiving the specified amount of direct current.  One disadvantage of these conventional light systems was the inaccuracy of spectral output.  To overcome that disadvantage, the '961 Patent is directed to a unique combination of regulating the time average flow of current to achieve a desired spectral output and a touch screen interface for facilitating user control of the spectral output that improves the degree of accuracy of spectral output when compared to conventional light systems.  Plaintiff Signify Holding B.V., formerly known as Philips Lighting Holding B.V., is the assignee and owner of all right, title, and interest in the '961 Patent, a copy of which is attached as Exhibit 2.

23.     U.S. Patent No. 8,378,591 (the "'591 Patent"), titled "Light Output Device," was duly and legally issued by the United States Patent and Trademark Office on February 19, 2013.  The '591 Patent relates to LED light sources.  A significant issue with LED string lights is controlling the on/off state and output level of individual lights in the string, while still enabling the string to be reduced in length.  The '591 Patent is directed to a new and improved light output device designed to overcome this problem in a manner not previously known in the art.  Plaintiff

Signify Holding B.V., formerly known as Philips Lighting Holding B.V., is the assignee and owner of all right, title, and interest in the '591 Patent, a copy of which is attached as Exhibit 3.

24.     U.S. Patent No. 7,764,026 (the "'026 Patent"), titled "Systems and Methods for Digital Entertainment," was duly and legally issued by the United States Patent and Trademark Office on July 27, 2010.  The '026 Patent improves upon existing coordinated lighting systems. At the time of the '026 Patent's invention, conventional entertainment systems involved the user enjoying entertainment on a screen, while improvements to those conventional systems involved graphical enhancements, sound quality, and content improvements.  In contrast to conventional improvements, the '026 Patent is directed to improved entertainment systems using specific signal processing to coordinate and control lighting systems, where an entertainment system, displaying content on a screen, is connected to a light system.  The system utilizes a pulse-width modulated signal, and the light system is controlled to illuminate the environment in coordination with the content displayed on the screen, in a manner not previously known in the art.  Plaintiff Signify North America Corporation (formerly known as Philips Lighting North America Corporation) is the assignee and owner of all right, title, and interest in the '026 Patent, a copy of which is attached as Exhibit 4.

25.     U.S. Patent No. 8,207,541 (the "'541 Patent"), titled "Light Output Device," was duly and legally issued by the United States Patent and Trademark Office on June 26, 2012.  The '541 Patent relates to devices that include discrete light sources associated with a substrate structure.  At the time of the '541 Patent's invention, a known problem with these devices is that it was difficult to provide a structure which enabled individual LEDs to be turned on and off.  The '541 Patent is directed to a new and improved light output device designed to overcome this problem in a manner that is not previously known in the art.  Plaintiff Signify Holding B.V.,

formerly known as Philips Lighting Holding B.V., is the assignee and owner of all right, title, and interest in the '541 Patent, a copy of which is attached as Exhibit 5.

## FACTUAL BACKGROUND

26.     On information and belief, Defendant is in the business of offering for sale, selling, and distributing lighting products including light products based on LED technology.

27.     On information and belief, Defendant offers its infringing products online and in brick and motor locations, using at least Walmart, Best Buy, us.govee.com, and amazon.com to sell and distribute products throughout the United States, including Texas and this District.

28.     On information and belief, Defendant makes, uses, offers to sell, sells, and/or imports the accused products.

29.     On information and belief, defendant makes, uses, offers to sell, sells, and/or imports Model H6102, infringing the '029 Patent.  Model H6102 is charted to the claims of the '029 Patent later in this complaint: An image of Model H6102 is provided below.



30.     On information and belief, defendant makes, uses, offers to sell, sells, and/or imports Model H6055, infringing the '961 Patent.  Model H6055 is charted to the claims of the '961 Patent later in this complaint: An image of Model H6055 is provided below.



31.     On information and belief, defendant makes, uses, offers to sell, sells, and/or imports Model H6062, infringing the '591 Patent.  Model H6062 is charted to the claims of the '591 Patent later in this complaint: An image of Model H6062 is provided below.



32.    On information and belief, defendant makes, uses, offers to sell, sells, and/or imports Model H6054, infringing the '026 Patent.  Model H6054 is charted to the claims of the '026 Patent later in this complaint: An image of Model H6054 is provided below.



33.    On information and belief, defendant makes, uses, offers to sell, sells, and/or imports Model H6072, infringing the '541 Patent.  Model H6072 is charted to the claims of the '541 Patent later in this complaint: An image of Model H6072 is provided below.



34.     At least as early as December 28, 2021, Defendant received actual notice that certain of its products infringe the '961 Patent and the '026 Patent.

35.     At least as early as May 12, 2022, Defendant received actual notice that certain of its products infringe the '591 Patent and the '541 Patent.

36.     At least as early as June 13, 2022, Defendant received actual notice that certain of its products infringe the '029 Patent.

37.     After receiving actual notice of its infringement from Signify, Defendant continued its infringing activities despite being aware of Signify's notice of infringement and the risk that it is infringing Signify's patents.   Accordingly, Defendant's ongoing infringement has been and continues to be willful.

## GENERAL ALLEGATIONS

38.     Defendant has directly and indirectly infringed and continues to directly and indirectly infringe each of the Patents-in-Suit by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c), including but not necessarily limited to one or more of making, using, selling, offering to sell, and importing into the United States, and inducing and contributing to infringement by others, in this District and elsewhere in the United States, the products identified below.

39.     Defendant's acts of infringement have caused damage to Signify.  Signify is entitled to recover from Defendant the damages sustained by Signify as a result of Defendant's wrongful acts in an amount subject to proof at trial.

40.     Defendant's infringement of the Patents-in-Suit has been and continues to be willful.  Defendant has been aware of its infringement of Signify's patents since it received notice

of infringement, but has continued to sell those products despite being forewarned of its infringement.

41.     Defendant has committed and continues to commit acts of infringement despite a high likelihood that its actions constitute infringement, and Defendant knew or should have known that its actions constituted an unjustifiably high risk of infringement.

42.     Defendant's infringement of the Patents-in-Suit is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court.  Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the Patents-in-Suit.

43.     In the interest of providing detailed averments of infringement, Signify has identified below at least one claim per patent to demonstrate infringement.  However, the selection of claims should not be considered limiting, and additional claims of the Patents-in-Suit that are infringed by Defendant will be disclosed in compliance with the Court's Local Patent Rules.

## <u>COUNT ONE</u>

**(Infringement of U.S. Patent No. 7,646,029)**

44.     Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

45.     On information and belief, Defendant has directly infringed and is directly infringing claims of the '029 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing products including, but not limited to, the products listed in the table below, substantially similar to Model H6102 charted below, and/or other products with substantially similar features (collectively, the "'029 Accused Products"):

| **'029 Accused Products (by Model Number)** |
|:---:|
| H6072, H6052, H6051, H6076, H6102 |

46.     Claim 1 of the '029 Patent recites:

1. A light source, comprising:

at least one LED die including an LED;

a first electronic component, including a control facility; and

a package for the LED die, the package including a submount,

> wherein the submount incorporates at least one second electronic component for controlling the LED,

> wherein the at least one second electronic component is coupled between the first electronic component and the LED die, and

> wherein the at least one second electronic component facilitates control of at least one of the intensity and the apparent intensity of the LED die.

47.     On information and belief, Model H6102 includes a light source, comprising: at least one LED die including an LED.  For example, this limitation is shown below.

Light source, comprising at least one LED die including an LED





48.    On information and belief, Model H6102 includes a light source that includes a first electronic component, including a control facility.  For example, this limitation is shown below.



49.    On information and belief, Model H6102 includes a light source, comprising: at least one LED die including an LED, with a package for the LED die, the package including a submount.  For example, this limitation is shown below.



50.    On information and belief, Model H6102 includes a package for the LED die including a submount, wherein the submount incorporates at least one second electronic component for controlling the LED.  For example, this limitation is shown below.



51.    On information and belief, Model H6102 includes a package for the LED die including a submount, wherein the submount incorporates at least one second electronic component for controlling the LED, wherein the at least one second electronic component is coupled between the first electronic component and the LED die.  For example, this limitation is shown below.



52.     On information and belief , the Model H6102 includes a package for the LED die including a submount, wherein the submount incorporates at least one second electronic component for controlling the LED, wherein the at least one second electronic component is coupled between the first electronic component and the LED die, and wherein the at least one second electronic component facilitates control of at least one of the intensity and the apparent intensity of the LED die.   For example, this limitation is shown below and at https://www.digikey.com/htmldatasheets/production/2371852/0/0/1/ws2812b-led.html?utm_adgroup=xGeneral&utm_source=google&utm_medium=cpc&utm_campaign=Dynamic%20Search_EN_Product&utm_term=&utm_content=xGeneral&gclid=EAIaIQobChMI37m71KDV-AIVFMLCBB1EYwp1EAAYASAAEgIrxvD_BwE.



Includes second electronic component

Package

Submount

53.     The full extent of Defendant's infringement is not presently known to Signify.  On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '029 Patent in a similar manner.  Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.  Signify will identify each claim of the '029 Patent that is infringed and each product that Signify is aware of that infringes the '029 Patent in accordance with the Local Patent Rules.

54.     On information and belief, Defendant has been aware of and has had notice of the '029 Patent and its infringement of the '029 Patent at least as early as June 13, 2022.

55.     On information and belief, by continuing to make, use, sell, offer to sell, and/or import the '029 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim 1 of the '029 Patent by active inducement under 35 U.S.C. § 271(b).  Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or

resold—infringe, either literally or under the doctrine of equivalents, the '029 Patent; (2) marketing

the infringing capabilities of such products; and (3) providing instructions, technical support, and

other support and encouragement for the infringing use of such products. Such conduct by

Defendant was intended to and results in direct infringement by Defendant's direct and indirect

customers, including the making, using, selling, offering for sale and/or importation of the '029

Accused Products in the United States. Defendant has performed and continues to perform these

affirmative acts with knowledge of the '029 Patent and with the intent, or willful blindness, that

the induced acts directly infringe the '029 Patent.

56.     On information and belief, by continuing to make, use, sell, offer to sell and/or

import the '029 Accused Products on or after Defendant first had notice of Signify's allegations

of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim

1 of the '029 Patent by contributorily infringing under 35 U.S.C. § 271(c). Defendant's affirmative

acts of manufacturing, selling, offering for sale, and/or importing the '029 Accused Products, in

this District and elsewhere in the United States, contribute to Defendant's customers and end-users

directly infringing the '029 Patent. The '029 Accused Products are not staple articles or

commodities of commerce, have no substantial non-infringing uses, and are known by Defendant

to be especially made or especially adapted for use in infringement of the '029 Patent. Defendant

has performed and continues to perform these affirmative acts with knowledge of the '029 Patent

and with intent, or willful blindness, that they cause the direct infringement of the '029 Patent.

57.     On information and belief, Signify has suffered and continues to suffer damages

as a result of Defendant's infringement of the '029 Patent in an amount to be determined at trial.

58.     On information and belief, Defendant's infringement of the '029 Patent is causing

irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined

by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '029 Patent.

59.     On information and belief, Defendant has continued with its infringement despite the objectively high likelihood that its actions constitute infringement and Defendant's subjective knowledge of this obvious risk. As Defendant has no good faith belief that it does not infringe the '029 Patent, at least Defendant's continued infringement of the '029 Patent is willful and deliberate, entitling Signify to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO

### (Infringement of U.S. Patent No. 7,358,961)

60.     Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

61.     On information and belief, Defendant has directly infringed and is directly infringing claims of the '961 Patent, including at least claim 10, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to the products listed in the table below, substantially similar to Model H6055 charted below, and/or other products with substantially similar features (collectively, the "'961 Accused Products").

| '961 Accused Products (by Model Number) |
| --- |
| H6001, H6002, H6054, H6055, H6072, H6110, H6118, H7050, H605B, H6061, H6062, H6199,  H6052, H6003, H6005, H6008, H6050, H6051, H6058, H6056, H6059, H6076, H6087, H610A, H6138, H6139, H6196, H6146, H6154, H6170, H6172, H6179, H617C, H6183,  H6184,  H618A,  H618B,  H618C,  H619A,  H619B,  H619C,  H61A0,  H61A2, H7002, H7020, H7021, H7060, H7061, H7090, H6173, H6159, H6171, H6125, H6102, H617A, H6163, H6127 |

62.    Claim 10 of the '961 Patent recites:

10. A LED lighting system, comprising:

a LED light source including a plurality of colored LEDs operable to emit one of a plurality of spectral outputs as a function of at least one current flowing through said plurality of colored LEDs, each current of the at least one current having a variable time average flow;

a user interface operable to facilitate a first user selection of a first spectral output from the plurality of spectral outputs, the user interface including a touch screen operable to facilitate the first user selection of a first color point corresponding to the first spectral output; and

a controller in electrical communication with said user interface and said LED light source to control the variable time average flow of each current flowing through said plurality of colored LEDs as a function of the user selection of the first spectral output.

63.    On information and belief, Model H6055 provides a LED lighting system.  For example, this limitation is shown below.



App and User Interface:

 

64.     On information and belief, the Model H6055 includes a LED light source including a plurality of colored LEDs operable to emit one of a plurality of spectral outputs as a function of at least one current flowing through said plurality of colored LEDs.  For example, this limitation is shown below.



65.     The testing of products shows that Model H6055 includes a LED light source including a plurality of colored LEDs operable to emit one of a plurality of spectral outputs as a function of at least one current flowing through said plurality of colored LEDs each current of the at least one current having a variable time average flow.



66.     On information and belief, the Model H6055 includes a user interface operable to facilitate a first user selection of a first spectral output from the plurality of spectral outputs, the

user interface including a touch screen operable to facilitate the first user selection of a first color point corresponding to the first spectral output.  For example, this limitation is shown below, where the user interface is provided through the Govee App on a phone/tablet/computer.



67.     On information and belief, the Model H6055 includes a controller in electrical communication with said user interface and said LED light source to control the variable time average flow of each current flowing through said plurality of colored LEDs as a function of the user selection of the first spectral output.  For example, this limitation is shown below.



68.     The full extent of Defendant's infringement is not presently known to Signify.  On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '961 Patent in a similar manner.  Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.  Signify will identify each claim of the '961 Patent that is infringed and each product that Signify is aware of that infringes the '961 Patent in accordance with the Local Patent Rules.

69.     On information and belief, Defendant has been aware of and has had notice of the '961 Patent and its infringement of the '961 Patent since at least December 28, 2021.

70.     On information and belief, by continuing to make, use, sell, offer to sell, and/or import the '961 Accused Products on or after Defendant first had notice of Signify's allegations

of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim 10 of the '961 Patent by active inducement under 35 U.S.C. § 271(b).  Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '961 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products.  Such conduct by Defendant was intended to and results in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '961 Accused Products in the United States.  Defendant has performed and continues to perform these affirmative acts with knowledge of the '961 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '961 Patent.

71.    On information and belief, by continuing to make, use, sell, offer to sell, and/or import the '961 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim 10 of the '961 Patent by contributorily infringing under 35 U.S.C. § 271(c).  Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '961 Accused Products, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '961 Patent.  The '961 Accused Products are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '961 Patent.  Defendant has performed and continues to perform these affirmative acts with knowledge of the '961 Patent and with intent, or willful blindness, that they cause the direct infringement of the '961 Patent.

72.     On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '961 Patent in an amount to be determined at trial.

73.     On information and belief, Defendant's infringement of the '961 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court.  Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '961 Patent.

74.     On information and belief, Defendant has continued with its infringement despite the objectively high likelihood that its actions constitute infringement and Defendant's subjective knowledge of this obvious risk.  As Defendant has no good faith belief that it does not infringe the '961 Patent, at least Defendant's continued infringement of the '961 Patent is willful and deliberate, entitling Signify to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT THREE

### (Infringement of U.S. Patent No. 8,378,591)

75.     Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

76.     On information and belief, Defendant has directly infringed and is directly infringing claims of the '591 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to the products listed in the table below, substantially similar to Model H6062 charted below, and/or other products with substantially similar features (collectively, the "'591 Accused Products").

| '591 Accused Products (by Model Number) |
|---|
| H6054, H6072, H7050, H605B, H6061, H6062, H6199, H6052, H6051, H6056, H6076, H6087, H610A, H6138, H6139, H6196, H6146, H6154, H6170, H6172, H6179, H617C, H6183, H6184, H6189, H618A, H618B, H618C, H619A, H619B, H619C, H61A0, H61A2, H7020, H7021, H7060, H7061, H7090, H6171, H6076, H6125, H6102, H617A, H6163, H6127, H6173, H7002 |

77.    Claim 1 of the '591 Patent recites:

1. A light output device comprising:

a power connection for connecting to a power source;

a plurality of light source device arrangements arranged in a line extending from the power connection, with adjacent light source device arrangements in the line connected together with an electrical connector arrangement comprising at least one power supply line and at least one power return line, the connector arrangement adapted to carry at least one serial data signal; and

a plurality of control circuits, each light source device arrangement associated with a control circuit from the plurality of control circuits for providing independent control of the light source device arrangement output based on the serial data signal,

wherein when the connector arrangement between an adjacent pair of light source device arrangements is disconnected, one or more remaining light source device arrangements extending from the power source are independently controlled by the serial data signal;

wherein each control circuit comprises:

an input[1] to which a drive signal is provided,

an output configured to control the respective light source device arrangement,

---

[1] Pursuant to a June 1, 2021 Certificate of Correction, "output" was corrected to be "input".

a control input configured to receive the serial data signal and to control a switching of the drive signal to the output in dependence on one or more bits of the serial data signal, and

a control output configured to output the serial data signal from which the one or more bits have been removed.

78.    On information and belief, Model H6062 is a light output device that includes a power connection for connecting to a power source.  For example, this limitation is shown below.



79.    On information and belief, Model H6062 includes a plurality of light source device arrangements arranged in a line extending from the power connection.  For example, this limitation is shown below.



80.    On information and belief, Model H6062 includes a plurality of light source device arrangements arranged in a line extending from the power connection, with adjacent light source device arrangements in the line connected together with an electrical connector arrangement comprising at least one power supply line and at least one power return line, the connector

arrangement adapted to carry at least one serial data signal.  For example, this limitation is shown below and at https://cdn-shop.adafruit.com/datasheets/WS2811.pdf.



Image edited from WS2811Signal line 256 Gray level 3 channel Constant current LED Driver IC data sheet

81.     On information and belief, Model H6062 includes a plurality of control circuits, each light source device arrangement associated with a control circuit from the plurality of control circuits for providing independent control of the light source device arrangement output based on the serial data signal.  For example, this limitation is shown below.



82.     On information and belief, Model H6062 includes a plurality of light source device arrangements wherein when the connector arrangement between an adjacent pair of light source device arrangements is disconnected, one or more remaining light source device arrangements extending from the power source are independently controlled by the serial data signal.  For example, this limitation is shown below.

"connector arrangement between an adjacent pair of light source devices arrangements is disconnected"









83.     On information and belief, Model H6062 includes a plurality of control circuits wherein each control circuit includes an input[2] to which a drive signal is provided. For example, this limitation is shown below.



Image edited from WS2811Signal line 256 Gray level 3 channel Constant current LED Driver IC data sheet

84.     On information and belief, Model H6062 includes a plurality of control circuits wherein each control circuit includes an output configured to control the respective light source device arrangement.  For example, this limitation is shown below.

---

[2] Pursuant to a June 1, 2021 Certificate of Correction, "output" was corrected to be "input".



Image edited from WS2811Signal line 256 Gray level 3 channel Constant current LED Driver IC data sheet

85.     On information and belief, Model H6062 includes a plurality of control circuits wherein each control circuit includes a control input configured to receive the serial data signal and to control a switching of the drive signal to the output in dependence on one or more bits of the serial data signal, and a control output.  For example, this limitation is shown below.



Image edited from WS2811Signal line 256 Gray level 3 channel Constant current LED Driver IC data sheet

86.     On information and belief, Model H6062 includes a plurality of control circuits wherein a control output is configured to output the serial data signal from which the one or more bits have been removed.  For example, this limitation is shown below.

**Cascade method:**



**Data transmission method:**

Note: The data of D1 is send by MCU,and D2, D3, D4 through IC internal reshaping amplification to transmit.

**Composition of 24bit data:**

| R7 | R6 | R5 | R4 | R3 | R2 | R1 | R0 | G7 | G6 | G5 | G4 | G3 | G2 | G1 | G0 | B7 | B6 | B5 | B4 | B3 | B2 |
|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|----|

Note: Follow the order of RGB to sent data and the high bit sent at first.

87.     On information and belief, the full extent of Defendant's infringement is not presently known to Signify.  On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '591 Patent in a similar manner.  Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.  Signify will identify each claim of the '591 Patent that

is infringed and each product that Signify is aware of that infringes the '591 Patent in accordance with the Local Patent Rules.

88.     On information and belief, Defendant has been aware of and has had notice of the '591 Patent and its infringement of the '591 Patent since at least May 12, 2022.

89.     On information and belief, by continuing to make, use, sell, offer to sell, and/or import the '591 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim 1 of the '591 Patent by active inducement under 35 U.S.C. § 271(b).  Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '591 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products.  Such conduct by Defendant was intended to and results in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '591 Accused Products in the United States.  Defendant has performed and continues to perform these affirmative acts with knowledge of the '591 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '591 Patent.

90.     On information and belief, by continuing to make, use, sell, offer to sell, and/or import the '591 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim 1 of the '591 Patent by contributorily infringing under 35 U.S.C. § 271(c).  Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '591 Accused Products, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users

directly infringing the '591 Patent. The '591 Accused Products are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '591 Patent. Defendant has performed and continues to perform these affirmative acts with knowledge of the '591 Patent and with intent, or willful blindness, that they cause the direct infringement of the '591 Patent.

91.     On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '591 Patent in an amount to be determined at trial.

92.     On information and belief, Defendant's infringement of the '591 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court. Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '591 Patent.

93.     On information and belief, Defendant has continued with its infringement despite the objectively high likelihood that its actions constitute infringement and Defendant's subjective knowledge of this obvious risk. As Defendant has no good faith belief that it does not infringe the '591 Patent, at least Defendant's continued infringement of the '591 Patent is willful and deliberate, entitling Signify to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FOUR

### (Infringement of U.S. Patent No. 7,764,026)

94.     Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

95.     On information and belief, Defendant has directly infringed and is directly infringing claims of the '026 Patent, including at least claim 1, in violation of 35 U.S.C. § 271(a)

by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to the products listed in the table below, substantially similar to Model H6054 charted below, and/or other products with substantially similar features (collectively, the "'026 Accused Products").

| '026 Accused Products (by Model Number) |
| --- |
| H6054, H605B, H6199 |

96.    Claim 1 of the '026 Patent recites:

1. A method of controlling illumination in an environment of a visual display screen, comprising:

providing an illumination source for producing illumination comprising a plurality of colors, wherein the illumination source comprises an array of LEDs;

obtaining a signal related to content displayed on the display screen;

providing a control system for controlling the illumination source, wherein the control system delivers a pulse-width modulated signal; and

controlling the illumination source to illuminate the environment in coordination with the content displayed on the display screen.

97.    On information and belief, Model H6054 includes a method for controlling illumination in an environment of a digital display screen.  For example, this limitation is shown below.



98.    On information and belief, Model H6054 provides an illumination source for producing illumination comprising a plurality of colors, wherein the illumination source comprises an array of LEDs.  For example, this limitation is shown below.





99.    On information and belief, Model H6054 obtains a signal related to content displayed on the display screen.  For example, this limitation is shown below.



100.    The testing of products shows that Model H6054 provides a control system for controlling the illumination source, wherein the control system delivers a pulse-width modulated signal.



101.   On information and belief, Model H6054 controls the illumination source to illuminate the environment in coordination with the content displayed on the display screen.   For example, this limitation is shown below.





Illumination source

102.    The full extent of Defendant's infringement is not presently known to Signify.  On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '026 Patent in a similar manner.  Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.  Signify will identify each claim of the '026 Patent that is infringed and each product that Signify is aware of that infringes the '026 Patent in accordance with the Local Patent Rules.

103.    On information and belief, Defendant has been aware of and has had notice of the '026 Patent and its infringement of the '026 Patent since at least December 28, 2021.

104.    On information and belief, by continuing to make, use, sell, offer to sell, and/or import the '026 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim 1 of the '026 Patent by active inducement under 35 U.S.C. § 271(b).  Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or

resold—infringe, either literally or under the doctrine of equivalents, the '026 Patent; (2) marketing

the infringing capabilities of such products; and (3) providing instructions, technical support, and

other support and encouragement for the infringing use of such products.  Such conduct by

Defendant was intended to and results in direct infringement by Defendant's direct and indirect

customers, including the making, using, selling, offering for sale and/or importation of the '026

Accused Products in the United States.  Defendant has performed and continues to perform these

affirmative acts with knowledge of the '026 Patent and with the intent, or willful blindness, that

the induced acts directly infringe the '026 Patent.

105.   On information and belief, by continuing to make, use, sell, offer to sell and/or

import the '026 Accused Products on or after Defendant first had notice of Signify's allegations

of infringement, Defendant indirectly infringes and continues to indirectly infringe at least claim

1 of the '026 Patent by contributorily infringing under 35 U.S.C. § 271(c).  Defendant's affirmative

acts of manufacturing, selling, offering for sale, and/or importing the '026 Accused Products, in

this District and elsewhere in the United States, contribute to Defendant's customers and end-users

directly infringing the '026 Patent.  The '026 Accused Products are not staple articles or

commodities of commerce, have no substantial non-infringing uses, and are known by Defendant

to be especially made or especially adapted for use in infringement of the '026 Patent.  Defendant

has performed and continues to perform these affirmative acts with knowledge of the '026 Patent

and with intent, or willful blindness, that they cause the direct infringement of the '026 Patent.

106.   On information and belief, Signify has suffered and continues to suffer damages as

a result of Defendant's infringement of the '026 Patent in an amount to be determined at trial.

107.   On information and belief, Defendant's infringement of the '026 Patent is causing

irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined

by this Court.  Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '026 Patent.

108.    On information and belief, Defendant has continued with its infringement despite the objectively high likelihood that its actions constitute infringement and Defendant's subjective knowledge of this obvious risk.  As Defendant has no good faith belief that it does not infringe the '026 Patent, at least Defendant's continued infringement of the '026 Patent is willful and deliberate, entitling Signify to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FIVE

### (Infringement of U.S. Patent No. 8,207,541)

109.    Signify incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

On information and belief, Defendant has directly infringed and is directly infringing claims of the '541 Patent, including at least claim 11, in violation of 35 U.S.C. § 271(a) by manufacturing, using, offering to sell, selling, and/or importing infringing products, including, but not limited to the products listed in the table below, substantially similar to Model H6072 charted below, and/or other products with substantially similar features (collectively, the "'541 Accused Products").

| '541 Accused Products (by Model Number) |
| :---: |
| H6072, H6052, H6051, H6076, H6102 |

110.    Claim 11 of the '541 Patent recites:

11. A light output device comprising:

a plurality of light source devices embedded in a substrate;

a plurality of controllers embedded in the substrate and configured to control corresponding light source devices of the plurality of light source devices in response to a control signal;

a power input electrode common to the plurality of controllers;

a power output electrode common to the plurality of light source devices; and

a data line connecting the plurality of controllers in series and configured to provide the control signal to the plurality of controllers, each controller of the plurality of controllers selectively connecting the corresponding light source device of the plurality of light source devices to the power input electrode in response to the control signal for selectively turning on the corresponding light source device.

111. On information and belief, Model H6072 is a light output device including a plurality of light source devices embedded in a substrate. For example, this limitation is shown below.



112. On information and belief, Model H6072 includes a plurality of controllers embedded in the substrate. For example, this limitation is shown below.





113.     On information and belief, Model H6072 includes a plurality of controllers embedded in the substrate and configured to control corresponding light source devices of the plurality of light source devices in response to a control signal.  For example, this limitation is shown below.



114.    On information and belief, Model H6072 includes a power input electrode common to the plurality of controllers, and a power output electrode common to the plurality of light source devices.  For example, this limitation is shown below.



115.    On information and belief, Model H6072 includes a data line connecting the plurality of controllers in series and configured to provide the control signal to the plurality of controllers, each controller of the plurality of controllers selectively connecting the corresponding light source device of the plurality of light source devices to the power input electrode in response to the control signal for selectively turning on the corresponding light source device.  For example, this limitation is shown below.



116.     The full extent of Defendant's infringement is not presently known to Signify.  On information and belief, Defendant has made and sold, or will make and sell, products under different names or part numbers that infringe the '541 Patent in a similar manner.  Signify makes this preliminary identification of infringing products and infringed claims without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identifications based on additional information obtained through discovery or otherwise.  Signify will identify each claim of the '541 Patent that is infringed and each product that Signify is aware of that infringes the '541 Patent in accordance with the Local Patent Rules.

117.     On information and belief, Defendant has been aware of and has had notice of the '541 Patent and its infringement of the '541 Patent since at least May 12, 2022.

118.     On information and belief, by making, using, selling, offering to sell, and/or importing the '541 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 11 of the '541 Patent by active inducement under 35 U.S.C. § 271(b).  Defendant has done so by acts including but not limited to (1) selling such products including features that—when used or resold—infringe, either literally or under the doctrine of equivalents, the '541 Patent; (2) marketing the infringing capabilities of such products; and (3) providing instructions, technical support, and other support and encouragement for the infringing use of such products.  Such conduct by Defendant was intended to and results in direct infringement by Defendant's direct and indirect customers, including the making, using, selling, offering for sale and/or importation of the '541 Accused Products in the United States.  Defendant has performed and continues to perform these

affirmative acts with knowledge of the '541 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '541 Patent.

119.    On information and belief, by making, using, selling, offering to sell, and/or importing the '541 Accused Products on or after Defendant first had notice of Signify's allegations of infringement, Defendant indirectly infringed and continues to indirectly infringe at least claim 11 of the '541 Patent by contributorily infringing under 35 U.S.C. § 271(c).   Defendant's affirmative acts of manufacturing, selling, offering for sale, and/or importing the '541 Accused Products, in this District and elsewhere in the United States, contribute to Defendant's customers and end-users directly infringing the '541 Patent.  The '541 Accused Products are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or especially adapted for use in infringement of the '541 Patent. Defendant has performed and continues to perform these affirmative acts with knowledge of the '541 Patent and with intent, or willful blindness, that they cause the direct infringement of the '541 Patent.

120.    On information and belief, Signify has suffered and continues to suffer damages as a result of Defendant's infringement of the '541 Patent in an amount to be determined at trial.

121.    On information and belief, Defendant's infringement of the '541 Patent is causing irreparable harm for which Signify has no adequate remedy at law unless Defendant is enjoined by this Court.  Under 35 U.S.C. § 283, Signify is entitled to a permanent injunction against further infringement of the '541 Patent.

122.    On information and belief, Defendant has continued with its infringement despite the objectively high likelihood that its actions constitute infringement and Defendant's subjective knowledge of this obvious risk.  As Defendant has no good faith belief that it does not infringe the

'541 Patent, at least Defendant's continued infringement of the '541 Patent is willful and deliberate, entitling Signify to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

123.    Signify hereby demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Signify prays for the following judgments and relief:

(a)    A judgment that Defendant has infringed and is infringing the Patents-in-Suit;

(b)    A permanent injunction against Defendant and its affiliates, subsidiaries, assignees, employees, agents or anyone acting in privity or concert from infringing the Patents-in-Suit, including enjoining the making, offering to sell, selling, using, or importing into the United States products claimed in any of the claims of the Patents-in-Suit; using or performing methods claimed in any of the claims of the Patents-in-Suit; inducing others to use and perform methods that infringe any claim of the Patents-in-Suit; or contributing to others using and performing methods that infringe any claim of the Patents-in-Suit, until the expiration of the Patents-in-Suit;

(c)    A judgment that Defendant's infringement of the Patents-in-Suit was willful and that Defendant's continued infringement of the Patents-in-Suit is willful;

(d)    An award of damages adequate to compensate Signify for Defendant's patent infringement, and an accounting to adequately compensate Signify for the infringement, including, but not limited to, lost profits and/or a reasonable royalty;

(e)    An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

(f)    An award of damages for willful infringement;

(g)     An order finding that this is an exceptional case and awarding Signify its costs, expenses, disbursements, and reasonable attorneys' fees related to Defendant's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

(h)     Such other further relief, in law or equity, as this Court deems just and proper.

Dated: July 8, 2022                             Respectfully submitted,

/s/ Brady Cox
Brady Cox (TX 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: 214-922-3443
Fax: 214-922-3843
Email:brady.cox@alston.com

Adam D. Swain (*pro hac vice* forthcoming)
**ALSTON & BIRD LLP**
950 F. Street, NW
Washington, D.C. 20004-1404
Phone: (202) 239-3300
Fax: (202) 239-3333
Email: Adam.Swain@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email:ted.stevenson@alston.com

Philip Ducker (*pro hac vice* forthcoming)
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, CA 94105-0912
Phone: 415-243-1059
Fax: 415-243-1001
Email:phil.ducker@alston.com

Joshua D. Rice (*pro hac vice* forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309

Phone: 404-881-7430
Fax: 404-881-7777
Email:josh.rice@alston.com

***Counsel for Plaintiffs Signify North America
Corporation and Signify Holding B.V.***