IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., | § § § | |
| Plaintiffs, | § | C.A. No. 6:22-cv-00760-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| SHENZHEN INTELLIROCKS TECH CO., LTD., | § § § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT WITH AFFIRMATIVE DEFENSES

Defendant Shenzhen Intellirocks Tech Co., Ltd. ("Intellirocks" or "Defendant"), by and through its undersigned counsel, submits this answer to the Complaint ("Complaint") filed by Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify" or "Plaintiffs") on July 8, 2022 as follows.

### NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to be a civil action for patent infringement arising under the patent laws of the United States, but denies any liability related to the Complaint. Defendant admits that Signify purports to seek remedies specified under 35 U.S.C. §§ 281 and 283-285 in this action, but denies that any such relief should be awarded. Except as so expressly admitted, Defendant denies the allegations of Paragraph 1.

### THE PARTIES

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 and, on that basis, denies them.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 and, on that basis, denies them.

4. Defendant admits that it is a Chinese corporation with its principal place of business at No. 2901-2904, 3002, Block C, Section 1, Chuangzhi Yuncheng Building, Liuxian Avenue, Xili Community, Xili Street, Nanshan District, Shenzhen, Guangdong Province, China. Defendant admits that it is the registrant of the trademarks GOVEE and MINGER, but denies itself is doing business in the United States and in the state of Texas. Except as so expressly admitted, Defendant denies the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Defendant admits that the Complaint purports to be a civil action for patent infringement under the patent laws of the United States, but denies any liability arising under the Complaint. Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Defendant admits for the purposes of this action only that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Defendant reserves the right to challenge subject matter jurisdiction, including for lack of standing. Except as so expressly admitted, Defendant denies the allegations of Paragraph 5.

6. Defendant admits that it is not a resident in the United States. Except as so expressly admitted, Defendant denies the allegations of Paragraph 6.

7. Based solely on the allegations in the Complaint, and assuming (without admitting) them to be true, Defendant does not contest personal jurisdiction in this district in this case. Defendant admits that it owns the brands Govee and Minger. Defendant denies that Govee Moments (US) Trading Ltd. is registered to do business and pay taxes in the state of Texas. Defendant also denies that Govee employees act as agents for Intellirocks when doing business in the United States and have signed contractual agreements with companies in the United States on behalf of Intellirocks. Except as so stated, Defendant denies the allegations of Paragraph 7.

8. Defendant admits that it has submitted documents to the Federal Communications Commission requesting FCC authorization of Govee-branded products. Except as so expressly admitted, Defendant denies the allegations of Paragraph 8.

9. Defendant admits that the FCC ID Application File No. 2AQA6-H613E (Model H613E, RBG LED Strip Lights), available at https://fccid.io/2AQA6-H613E/User-Manual/15-H613E-UserMan-US-5268010.pdf, states that the responsible party for the Govee-branded products is Govee Moments (US) Trading Limited and further states Govee is a registered trademark of Intellirocks. Except as so expressly admitted, Defendant denies the allegations of Paragraph 9.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Defendant admits that the Govee Home App is available via digital distribution platforms by Apple Inc. and Google. Defendant admits that Govee Home indicates Shenzhen Intellirocks Tech Co. Ltd. as the provider. Defendant further admits that the privacy policy for Govee Home available on the govee.com website indicates that "Govee Home is a product (or service) operated by Shenzhen Intellirocks Co., Ltd., (hereinafter referred to as 'Govee', 'we', 'us', or 'our') that allows you to control and manage smart home devices using your mobile device." Except as so expressly admitted, Defendant denies the allegations of Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

**THE PATENTS-IN-SUIT**

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and, on that basis, denies them.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20 and, on that basis, denies them.

21. Defendant admits that U.S. Patent No. 7,646,029 (the "'029 Patent") is entitled "LED PACKAGE METHODS AND SYSTEMS" and that its cover page states that it is dated January 12, 2010. Defendant admits that Exhibit 1 attached to the Complaint purports to be a copy of the '029 Patent. Except as so expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 and, on that basis, denies them.

22. Defendant admits that U.S. Patent No. 7,358,961 (the "'961 Patent") is entitled "User Interface for Controlling Light Emitting Diodes" and that its cover page states that it is dated April 15, 2008. Defendant admits that Exhibit 2 attached to the Complaint purports to be a copy of the '961 Patent. Except as so expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22 and, on that basis, denies them.

23. Defendant admits that U.S. Patent No. 8,378,591 (the "'591 Patent") is entitled "Light Output Device" and that its cover page states that it is dated February 19, 2013. Defendant admits that Exhibit 3 attached to the Complaint purports to be a copy of the '591 Patent. Except as so expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and, on that basis, denies them.

24. Defendant admits that U.S. Patent No. 7,764,026 (the "'026 Patent") is entitled "Systems and Methods for Digital Entertainment" and that its cover page states that it is dated July 27, 2010. Defendant admits that Exhibit 4 attached to the Complaint purports to be a copy of the '026 Patent. Except as so expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 and, on that basis, denies them.

25. Defendant admits that U.S. Patent No. 8,207,541 (the "'541 Patent") is entitled "Light Output Device" and that its cover page states that it is dated June 26, 2012. Defendant admits that Exhibit 5 attached to the Complaint purports to be a copy of the '541 Patent. Except as so expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25 and, on that basis, denies them.

## FACTUAL BACKGROUND

26. Defendant admits that it is in the business of offering for sale, selling, and distributing lighting products. Except as so expressly admitted, Defendant denies the allegations of Paragraph 26.

27. Denied.

28. Denied.

29. Defendant admits that Signify purports to chart Model H6102 to the claims of the '029 Patent in the Complaint. Except as so expressly admitted, Defendant denies the allegations of Paragraph 29.

30. Defendant admits that Signify purports to chart Model H6055 to the claims of the '961 Patent in the Complaint. Except as so expressly admitted, Defendant denies the allegations of Paragraph 30.

31. Defendant admits that Signify purports to chart Model H6062 to the claims of the '591 Patent in the Complaint. Except as so expressly admitted, Defendant denies the allegations of Paragraph 31.

32. Defendant admits that Signify purports to chart Model H6054 to the claims of the '026 Patent in the Complaint. Except as so expressly admitted, Defendant denies the allegations of Paragraph 32.

33. Defendant admits that Signify purports to chart Model H6072 to the claims of the '541 Patent in the Complaint. Except as so expressly admitted, Defendant denies the allegations of Paragraph 33.

34. Defendant admits that on or about April 19, 2022, it received an email alleging that certain of its products infringe the '961, '591, '026, and '541 Patents and that on or about June 14, 2022, it received an email alleging that certain of its products infringe the '029 Patent. Except as so expressly admitted, Defendant denies the allegations of Paragraph 34.

35. Defendant admits that there was a notice that certain of its products infringe the '591 Patent and the '541 Patent dated on May 12, 2022. Except as so expressly admitted, Defendant denies the allegations of Paragraph 35.

36. Defendant admits that there was a notice that certain of its products infringe the '029 Patent dated on June 13, 2022. Except as so expressly admitted, Defendant denies the allegations of Paragraph 36.

37. Denied.

## GENERAL ALLEGATIONS

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant admits that Signify purports to demonstrate infringement by identifying at least one claim per patent. Except as so expressly admitted, Defendant denies the allegations of Paragraph 43.

## COUNT ONE

### ([Alleged] Infringement Of U.S. Patent No. 7,646,029)

44. Defendant incorporates by reference and re-alleges the answers set forth in Paragraphs 1-43 above as if fully set forth herein in response to Paragraph 44 of the Complaint.

45. Denied.

46. To the extent the allegations therein constitute legal conclusions and arguments to which no response is required. Defendant denies any remaining allegations contained therein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendant acknowledges that Signify purports to reserve the right to augment, supplement, and revise its identifications of infringing products and infringed claims in the Complaint, but denies that Signify has the right to do so. Defendant denies the remaining allegations of Paragraph 53.

54. Defendant admits that on or about June 14, 2022, it received an email alleging that certain of its products infringe the '029 Patent. In all other respects, the allegations in Paragraph 54 are denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT TWO

### ([Alleged] Infringement Of U.S. Patent No. 7,358,961)

60. Defendant incorporates by reference and re-alleges the answers set forth in Paragraphs 1-59 above as if fully set forth herein in response to Paragraph 60 of the Complaint.

61. Denied.

62. To the extent the allegations therein constitute legal conclusions and arguments to which no response is required. Defendant denies any remaining allegations contained therein.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Defendant acknowledges that Signify purports to reserve the right to augment, supplement, and revise its identifications of infringing products and infringed claims in the

Complaint, but denies that Signify has the right to do so. Defendant denies the remaining allegations of Paragraph 68.

69. Defendant admits that on or about April 19, 2022, it received an email alleging that certain of its products infringe the '961 Patent. In all other respects, the allegations in Paragraph 69 are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## COUNT THREE

### ([Alleged] Infringement Of U.S. Patent No. 8,378,591)

75. Defendant incorporates by reference and re-alleges the answers set forth in Paragraphs 1-74 above as if fully set forth herein in response to Paragraph 75 of the Complaint.

76. Denied.

77. To the extent the allegations therein constitute legal conclusions and arguments to which no response is required. Defendant denies any remaining allegations contained therein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Defendant acknowledges that Signify purports to reserve the right to augment, supplement, and revise its identifications of infringing products and infringed claims in the Complaint, but denies that Signify has the right to do so. Defendant denies the remaining allegations of Paragraph 87.

88. Defendant admits that on or about April 19, 2022, it received an email alleging that certain of its products infringe the '591 Patent. In all other respects, the allegations in Paragraph 88 are denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

## COUNT FOUR

### ([Alleged] Infringement Of U.S. Patent No. 7,764,026)

94. Defendant incorporates by reference and re-alleges the answers set forth in Paragraphs 1-93 above as if fully set forth herein in response to Paragraph 94 of the Complaint.

95. Denied.

96. To the extent the allegations therein constitute legal conclusions and arguments to which no response is required. Defendant denies any remaining allegations contained therein.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Defendant acknowledges that Signify purports to reserve the right to augment, supplement, and revise its identifications of infringing products and infringed claims in the Complaint, but denies that Signify has the right to do so. Defendant denies the remaining allegations of Paragraph 102.

103. Defendant admits that on or about April 19, 2022, it received an email alleging that certain of its products infringe the '026 Patent.  In all other respects, the allegations in Paragraph 103 are denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

## COUNT FIVE

### ([Alleged] Infringement Of U.S. Patent No. 8,207,541)

109. Defendant incorporates by reference and re-alleges the answers set forth in Paragraphs 1-108 above as if fully set forth herein in response to Paragraph 109 of the Complaint. Defendant denies the remaining allegations of Paragraph 109 and the unnumbered paragraph following it.

110. To the extent the allegations therein constitute legal conclusions and arguments to which no response is required. Defendant denies any remaining allegations contained therein.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Defendant acknowledges that Signify purports to reserve the right to augment, supplement, and revise its identifications of infringing products and infringed claims in the Complaint, but denies that Signify has the right to do so. Defendant denies the remaining allegations of Paragraph 116.

117. Defendant admits that on or about April 19, 2022, it received an email alleging that certain of its products infringe the '541 Patent. In all other respects, the allegations in Paragraph 117 are denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

## **DEMAND FOR A JURY TRIAL**

123. Plaintiffs' request for a trial by jury on all claims and issues in this action so triable in Paragraph 123 of the Complaint does not require a response. Defendant also relies on Plaintiffs' request for a jury trial.

## PRAYER FOR RELIEF

The section of the Complaint titled "PRAYER FOR RELIEF," including paragraphs (a) through (h) therein, set forth a prayer for relief requested by Plaintiffs to which no response is required. However, to avoid doubt and possible confusion, Defendant denies that Plaintiffs are entitled to any of the relief requested in the Complaint or to any relief whatsoever. Further, and to the extent that the Complaint's Prayer for Relief includes any factual allegations, Defendant denies those allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendant's investigation of its defenses is continuing, and Defendant expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law in or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### First Affirmative Defense: Improper Venue

1. The venue of this action is improper as to Defendant under 28 U.S.C. § 1400 because Defendant does not reside in this district and Defendant does not meet the requirements that (1) the defendant has committed acts of infringement in this district, and (2) the defendant has a regular and established place of business in this district.

### Second Affirmative Defense: Non-Infringement

2. Defendant has not infringed and does not infringe, contribute to the infringement of, or actively induce others to infringe, either literally, indirectly, or by the application of the doctrine of equivalents, any valid and enforceable claim of the '029 Patent, the '961 Patent, the '591 Patent, '026 Patent and/or the '541 Patent, and Plaintiffs have failed to state a claim for infringement.

### Third Affirmative Defense: Invalidity and Patent Ineligibility

3. The asserted claims of the '029 Patent, the '961 Patent, the '591 Patent, '026 Patent and the '541 Patent are invalid, unenforceable, not patent eligible, and/or void for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

### Fourth Affirmative Defense: Preclusion of Costs

4. To the extent that any claim of the '029 Patent, the '961 Patent, the '591 Patent, '026 Patent and/or the '541 Patent is held to be invalid, Plaintiff must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

### Fifth Affirmative Defense: Absence of Damages

5. Plaintiffs have not suffered and will not suffer any injury or damages as a result of the conduct of Defendant alleged in the Complaint.

### Sixth Affirmative Defense: Limitations on Damages

6. Any potential damages recovery is barred, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287, and 288. Any claim for damages for infringement of the '029 Patent, the '961 Patent, the '591 Patent, '026 Patent, and/or the '541 Patent is statutorily limited under 35

U.S.C. § 286 and is further limited by 35 U.S.C. § 287(a) due to noncompliance with the marking and actual notice requirements.

### Seventh Affirmative Defense: Exhaustion

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of patent exhaustion.

### Eighth Affirmative Defense: License

8.      Plaintiffs' claims are precluded in whole or in part by the doctrines of express and implied license.

### Ninth Affirmative Defense: Patent Misuse/Prosecution Laches/Waiver/Unclean Hands/Equitable Doctrines

9.      The '029 Patent, the '961 Patent, the '591 Patent, '026 Patent, and/or the '541 Patent are unenforceable in whole or in part, and Plaintiffs are barred, in whole or in part, from asserting the '029 Patent, the '961 Patent, the '591 Patent, '026 Patent, and/or the '541 Patent against Defendant, by the doctrines of acquiescence, patent misuse, prosecution laches, waiver, estoppel, unclean hands, and/or other equitable doctrines, including through seeking an injunction, lost profits, and royalties as remedies.

### Tenth Affirmative Defense: Prosecution History Estoppel and Disclaimer

10.     Plaintiffs are precluded or otherwise estopped from asserting that any claim of the Patents-in-Suit covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by Defendant, based on admissions, amendments, arguments, and other statements made to the U.S. Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of these patents.

### Eleventh Affirmative Defense: Unavailability of Injunctive Relief

11. Plaintiffs are not entitled to injunctive relief (temporary, preliminary, or permanent), including because any injury to it is not immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### Twelfth Affirmative Defense: Failure to State a Claim

12. The Complaint fails to state a claim against Defendant upon which relief may be granted.

### Thirteenth Affirmative Defense: Lack of Standing

13. On information and belief, Plaintiffs' claims are barred or limited because Plaintiffs lack standing to assert infringement of one or more of the Patents-in-Suit.

### Fourteenth Affirmative Defense: No Exceptional Case

14. Plaintiffs cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant's investigation of the claims and its defenses is continuing. Defendant reserves the right to assert additional defenses, such as through amendment of its Answer, that may be developed through discovery in this action or otherwise.

### DEMAND FOR A JURY TRIAL

Defendant requests a jury trial on all issues so triable.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant prays that the Court enter a judgment:

A. in favor of Defendant and against Plaintiffs;

B.     dismissing Plaintiffs' Complaint (and each and every claim therein) with prejudice and ordering that Plaintiffs take nothing from Defendant under the Complaint;

C.     declaring the Patents-in-Suit invalid and unenforceable against Defendant;

D.     declaring that Defendant has not infringed and is not infringing the Patents-in-Suit, either literally or under the doctrine of equivalents;

E.     declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Defendant its attorneys' fees and expenses in this action;

F.     awarding Defendant its costs in this action; and

G.     granting such other and further relief to Defendant that this Court deems just and proper.

Dated: January 19, 2023                                   Respectfully submitted,

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson
State Bar No. 24029638
Christopher J. Richart
State Bar No. 24033119
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
609 Main, 40th Floor
Houston, TX 77002-3106
Tel: (713) 658-6400
Fax: (713) 658-6401
jj@orrick.com
crichart@orrick.com

Robert Benson
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2050 Main, Suite 1100
Irvine, CA 92614-8255
Tel: (949) 567 6700
Fax: (949) 567 6710
rbenson@orrick.com

>Yufeng (Ethan) Ma (*pro hac vice* forthcoming)
>**ORRICK, HERRINGTON & SUTCLIFFE LLP**
>4703 Park Place, 1601 Nanjing Road West
>Shanghai, 200040
>People's Republic of China
>Tel: +86 21 6109 7000
>Fax: +86 21 6109 7022
>yma@orrick.com
>
>Mark D. Siegmund
>State Bar No. 24117055
>**STECKLER WAYNE CHERRY & LOVE, PLLC**
>8416 Old McGregor Road
>Waco, Texas 76712
>Telephone: 254.651.3690
>Facsimile: 254.651.3689
>mark@swclaw.com
>
>*Attorneys for Defendant Shenzhen Intellirocks Tech Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 19, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

>*/s/ Jeffrey L. Johnson*
>Jeffrey L. Johnson