# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.<br><br>    Plaintiffs,<br><br>    v.<br><br>SHENZHEN INTELLIROCKS TECH CO., LTD.<br><br>    Defendant. | C.A. No. 6:22-cv-00760-ADA<br><br>JURY TRIAL DEMANDED |

## SCHEDULING ORDER

The Court **ORDERS** that the following schedule will govern the deadlines in this matter:

| Deadline | Item |
|---|---|
| **February 8, 2023** | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| **March 1, 2023** | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| **April 5, 2023** | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| | the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe. |
| **April 20, 2023** | Parties exchange claim terms for construction. |
| **May 4, 2023** | Parties exchange proposed claim constructions |
| **May 11, 2023** | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **May 18, 2023** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **May 25, 2023** | Defendant files opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| **June 15, 2023** | Plaintiff files Responsive claim construction brief. |
| **June 29, 2023** | Defendant files Reply claim construction brief.<br><br>For pending inter-district venue transfer motions, the moving party to provide the Court with a status report with respect to whether the motion(s) has been fully briefed and ready for resolution no later than four weeks prior to the date of the Markman hearing that is scheduled in that case.[3] |
| **July 13, 2023** | Plaintiff files Sur-Reply claim construction brief. |
| **July 17, 2023** | Parties submit Joint Claim Construction Statement. In addition to filing, the parties shall jointly submit, via USB drive, cloud-storage, or email to the law clerk pdf versions of all as-filed briefing and exhibits. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| **July 20, 2023** | Parties submit optional technical tutorials to the Court and technical |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[3] To the extent there are multiple Markman hearings, the status report is due six weeks before the first scheduled Markman hearing.

|  | adviser (if appointed).[4] |
|---|---|
| **At the Court's convenience on or after July 27, 2023** | Markman Hearing |
| **July 28, 2023** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| **September 7, 2023** | Deadline to add parties |
| **30 days after Markman hearing** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **November 16, 2023** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. |
| **January 25, 2024** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| **February 15, 2024** | Close of Fact Discovery. |
| **February 29, 2024** | Opening Expert Reports. |
| **March 28, 2024** | Rebuttal Expert Reports. |
| **April 18, 2024** | Close of Expert Discovery. |
| **May 2, 2024** | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **May 16, 2024** | Dispositive motion deadline and *Daubert* motion deadline. |
| **May 30, 2024** | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| **June 6, 2024** | Serve objections to pretrial disclosures/rebuttal disclosures. Parties to jointly email the Court's law clerk to confirm their pretrial conference and trial dates. |
| **June 13, 2024** | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| **June 20, 2024** | File Joint Pretrial Order and Pretrial Submissions (jury instructions, |

---

[4] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

3

|  | exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
|---|---|
| **July 1, 2024** | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **July 1, 2024** | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| **July 11, 2024** | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| **July 25, 2024** | Jury Selection/Trial. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

SIGNED this 10th day of February, 2023

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE